**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRIAN TAYLOR,

   *Plaintiff*,

 v.

C. CARTER, DAWN GARDENHIRE,
NANCY HUNT, and JOSEPH SIEBER,

   *Defendants*.

Civil Action No. 20-18578

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

   This action arises out of allegations that Defendants C. Carter, Dawn Gardenhire, Nancy Hunt and Joseph Sieber improperly denied Plaintiff unemployment benefits. Currently pending before the Court is a motion by Defendants to dismiss Plaintiff's Complaint. D.E. 34. The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, the motion is **GRANTED**.

---

[1] Defendants' brief in support of its motion is referred to as "Defs. Br." (D.E. 34-1); Plaintiff's opposition is referred to as "Plf. Opp." (D.E. 48); Defendants' reply is referred to as "Defs. Reply" (D.E. 49). On February 7, 2023, Plaintiff filed a letter on the docket with what purport to be "proposed exhibits" to a forthcoming "second response brief" to the motion to dismiss. D.E. 53. The Court does not consider the proposed exhibits. The second response brief was never filed nor did Plaintiff request leave to submit additional briefing.

## I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY[2]

On April 12, 2019, *pro se* Plaintiff, Brian Taylor, was terminated from his job at Wilson's

Leather Store ("AM Retail Group") for threatening a co-worker.  Compl. at 7 III.a.[3]  The day

before he was terminated, Plaintiff had witnessed a hostile confrontation between two co-workers

and said to one of the co-workers, "if you did anything to upset [the other worker], I'll f[]-ing flip

you over and break your f[]-ing neck."   Ex. D at 14 (D.E. 34-2).[4]  Plaintiff then filed a claim for

unemployment benefits with the New Jersey Department of Labor ("NJDOL").  *Id*.  The NJDOL

denied his request, finding that Plaintiff's misconduct—threatening another employee—barred

him from receiving benefits.  *Id*. at 14-15.  On May 8, 2019, Plaintiff appealed, and on May 30,

2019, the Appeals Tribunal (the "Tribunal") conducted a hearing, during which they heard

testimony from Plaintiff and his former manager.  *Id*. at 15.  The Tribunal concluded that Plaintiff's

actions constituted misconduct under N.J.S.A. 43:21-5(b) and disqualified him from receiving

benefits for the period of April 7, 2019 through May 18, 2019.  *Id.*; *see also* Ex. A at 4-6 (D.E. 34-

2).  Plaintiff appealed again and the Board of Review (the "Board") adopted the Tribunal's holding,

---

[2] The factual background is taken from Plaintiff's Complaint, D.E. 1 ("Compl.) and exhibits to
Defendants' Brief (D.E. 34-2).  The exhibits considered for purposes of the factual background
include copies of (1) the decision of the New Jersey Department of Labor's ("NJDOL") Appeal
Tribunal disqualifying Plaintiff from unemployment benefits (Ex. A); (2) the decision of the
NJDOL's Board of Review affirming the decision of the NJDOL Appeal Tribunal (Ex. B); and (3)
the decision of the New Jersey Superior Court Appellate Division, affirming the NJDOL's Board
of Review Decision (Ex. D).  When reviewing a motion to dismiss for failure to state a claim, a
court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d
203, 210 (3d Cir. 2009).  A court may also consider any document integral to or relied upon in the
Complaint and take judicial notice of matters of public record, such as court orders and docket
entries.  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Khan v.
Borough of Englewood Cliffs*, No. 12-7837, 2014 WL 295069, at *3 (D.N.J. Jan. 27, 2014)
(citation omitted).

[3] The Court's citations to page numbers in the Complaint correspond to those in the ECF header.

[4] The Court's citations to exhibits correspond to the exhibits to Defendants' brief and the page
numbers cited correspond with those in the ECF header.

finding that there was no ground for further examination by the Board because Plaintiff had been "given a full and impartial hearing and a complete opportunity to offer any and all evidence." Ex. B at 8 (D.E. 34-2). Plaintiff then appealed to the New Jersey Superior Court Appellate Division, which affirmed the Board's decision. Ex. D at 19-20 (D.E. 34-2).

On December 8, 2020, Plaintiff filed a Complaint alleging that Defendants—all of whom were employed by the NJDOL during the relevant period—wrongly denied him benefits. According to Plaintiff, Defendants "failed to conduct a thorough investigation of the facts of [his] case, protected his former employer from illegalities, subjected [him] to excessive emotional strife, and [d]iscriminated against his person despite the fact that he suffers from a mental disability." Compl. at 7 III.b. The Complaint appears to assert claims for negligence, discrimination, intentional infliction of emotional distress, and violations of the Eleventh Amendment[5] against Defendants in their official capacities as NJDOL employees. Defendants move to dismiss for lack of subject matter jurisdiction, failure to state a claim, and failure to comply with the notice provisions of the New Jersey Tort Claims Act.[6]

---

[5] Plaintiff indicated on the "Pro Se Complaint for a Civil Case" form that the basis for jurisdiction is "Federal Question," adding the following query: "Is a violation of the 11th Amendment at play with respect to State Officials operating as 'private individuals' who willfully commit [n]egligence, [d]iscrimination, [i]nchoate, and int[]entional infliction of emotional distress toward [Plaintiff] who is attempt to receive his or her full [u]nemployment [b]enefits [i]nsurance payments?" *See* Compl. at 4 II.

[6] Defendants initially moved to dismiss on May 11, 2021. D.E. 9. In response, Plaintiff filed a motion to amend his Complaint, seeking to add NJDOL and AM Retail as Defendants. D.E. 14. The Court administratively terminated Defendants' motion to dismiss pending the resolution of Plaintiff's motion to amend. D.E. 21. On December 14, 2021, Magistrate Judge Allen denied Plaintiff's motion to amend, *see* D.E. 26, and on September 16, 2022, Defendants refiled their motion to dismiss. D.E. 34.

## II.    STANDARDS OF REVIEW

### A.  Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.  *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (internal quotation marks and citation omitted).  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*.  Here, Defendants assert the defense of sovereign immunity under the Eleventh Amendment based on the pleadings, thereby raising a facial attack.  *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack.").  Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

### B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III.   ANALYSIS

### A.  Sovereign Immunity

The Court first addresses Defendants' argument that the claims are barred by the Eleventh Amendment.  Defs. Br. at 5-8.  Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XL.  Thus, the Eleventh Amendment protect states, as well as

their agencies and departments, from suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This protection also extends to state employees acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Defendants are protected by the Eleventh Amendment. The NJDOL is an agency of the State of New Jersey, and Defendants were acting in their official capacities as NJDOL employees when they denied Plaintiff unemployment benefits. Indeed, the Complaint itself acknowledges that the allegations stem from acts committed by Defendants "while acting under and protected by their respective titles as officials of the NJ Department of Labor." Compl. at 7 III.b. And the Court is not persuaded by the conclusory arguments that Plaintiff raised in response to Defendants' sovereign immunity argument that the alleged conduct, all of which allegedly occurred during the course of the NJDOL proceedings, was taken outside of Defendants' official capacity as NJDOL employees. *See* Plf. Opp. at 5-7.[7] While sovereign immunity is "subject to three exceptions: (1) congressional abrogation; (2) state waiver; and (3) suits against individual state officers for prospective relief to an ongoing violation of federal law," Plaintiff has not cited or analyzed any

---

[7] Plaintiff appears to argue that the alleged conduct was not taken in Defendants' official capacity because Defendants made "personal" decisions as to their actions. *See, e.g.*, Plf. Opp. at 5-7 (arguing that Defendants are making a "personal choice" to withhold facts from Plaintiff, which "runs counter to anyone working in any 'official capacity,' since those who truly do so, would have already provided what was asked," and that "the Tribunal also "couldn't have acted in its official capacity," because the Tribunal "discriminated against [Plaintiff] by way of a personal decision."). These arguments are conclusory and lack merit. Moreover, even if Plaintiffs' contentions were supported with factual allegations, which they are not, the Court does not allow a plaintiff to insert new factual allegations through its opposition because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

of these exceptions. *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). Moreover, the Court does perceive a basis to potentially apply any of the three exceptions. Thus, the claims against Defendants are dismissed.[8]

## IV.    CONCLUSION

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110–11 (3d Cir. 2002).  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).   Normally, no matter how tenuous the claims, the Court would not dismiss with prejudice, particularly when a plaintiff is proceeding *pro se.*  Here, however, Defendants are entitled to immunity and any attempted amendment would be futile.  The Complaint is therefore dismissed.

For the reasons set forth above, and for good cause shown,

IT IS on this 16th day of February, 2023,

**ORDERED** that Defendants' motion to dismiss, D.E. 34, is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office shall deliver a copy of the Order and accompanying Opinion to Plaintiff by regular mail and certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

_____
John Michael Vazquez, U.S.D.J.

---

[8] Because Plaintiff's claims are dismissed on sovereign immunity grounds, the Court does not reach the merits of the parties' plausibility and notice arguments. *See* Defs. Br. at 8-11; Plf. Opp. at 4-5, 7-8; Defs. Reply at 2-5.