UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN TAYLOR,<br><br>       *Plaintiff*,<br><br>v.<br><br>C. CARTER, DAWN GARDENHIRE, NANCY HUNT, and JOSEPH SIEBER,<br><br>       *Defendants*. | Civil Action No. 20-18578<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    This matter returns to the Court on Plaintiff's motion for reconsideration of the Court's Opinion and Order granting Defendants' motion to dismiss. D.E. 59. The Court reviewed the parties' submissions[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

---

[1] Plaintiff's moving brief will be referred to as "Br." D.E. 59. Defendants' opposition will be referred to as "Opp." D.E. 60. All citations to page numbers will refer to those in the ECF header. On March 31, 2023, Plaintiff submitted what appears to be a reply brief in support of its motion for reconsideration, D.E. 63-1, without permission of the Court. Because a reply is not permitted on a motion for reconsideration without permission from the Court, the Court will not consider Plaintiff's reply. *See Walsh v. Walsh*, No. 16-4242, 2017 WL 3671306, at *1 n.1 (D.N.J. Aug. 25, 2017), aff'd, 763 F. App'x 243 (3d Cir. 2019) ("A reply is not permitted on a motion for reconsideration without permission from the Court. L. Civ. R. 7.1(d)(3). As such, the Court will not consider Plaintiff's reply."). Nevertheless, the Court is not persuaded that Plaintiff's reply would have any bearing on the outcome of this motion. Furthermore, it is substantively incorrect as to its argument that Plaintiff properly requested leave to file a second reply brief with accompanying exhibits. *See infra* n. 5.

I. **BACKGROUND**

In the Opinion and Order that Plaintiff asks the Court to reconsider, the Court discusses this matter's procedural history and factual background. *See* D.E. 54. The Court incorporates that background by reference. D.E. 54. Plaintiff filed the instant motion on March 2, 2023. Br. Defendants opposed the motion thereafter. Opp.

II. **STANDARD OF REVIEW**

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

Moreover, a motion for reconsideration does not entitle a party to a second bite at the apple. *Alberts v. Bumgardner*, No. 13-5538, 2018 WL 1069415, at *1 (D.N.J. Feb. 26, 2018); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Indeed, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was

2

reached. *Edison C.F. v. Decker*, No. 20-15455, 2021 WL 1997386, at *4 (D.N.J. May 19, 2021) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### III. ANALYSIS

Plaintiff appears to argue that the Court must reconsider its Opinion and Order granting Defendants' motion to dismiss, D.E. 54, because (1) the Court has subject matter jurisdiction over the case; and (2) the Complaint properly states a claim upon which relief can be granted.[2]

Plaintiff fails to indicate under which of the three bases he seeks reconsideration. But based on Plaintiff's submission of, and reliance on, numerous exhibits, it appears that Plaintiff most likely moves for reconsideration on the ground that there is newly available evidence.[3] Nevertheless, the Court will evaluate each of the three grounds.

First, Plaintiff fails to articulate any intervening change in the controlling law. While Plaintiff relies on case law in support of its motion, which he had failed to do in its opposition to Defendants' motion to dismiss, *see generally* D.E. 48, these cases do not present a change in controlling law. Indeed, each case cited by Plaintiff was decided at least twenty years prior to the

---

[2] *See* Br. 14-15 ("This Court must reconsider its decision to grant 'said persons' a dismissal of the charges faced by them, because the evidence shows that their actions, in satisfying Rule 12(b)(1) and (6) as established by violations of the New Jersey Tort Claims Act, would, in no way shield them from 11th Amendment immunity as compared to would-be immunity enjoyed by other (NJDOLWD) teams given their case handling of Brian's (past and) concurrent work history.") (emphases removed).

[3] *See* Br. at 1 ("Please also allow all Exhibit booklets submitted previously by Brian's team on February 7, 2023 . . . , to be made part of this current motion and briefing. . . . said earlier filed booklets were expensive to create and were meant to be included with this current brief all along."); *see generally* Br. (referencing exhibits in support of its arguments).

Court's February 7, 2023 Opinion and Order.[4] Thus, Plaintiff fails to satisfy the first ground for granting a motion for reconsideration.

Next, the Court considers whether Plaintiff presents new evidence, not previously available. New evidence, for reconsideration purposes, "does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Instead, "new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* (citations omitted). Here, Plaintiff asks the Court to consider "all Exhibit booklets submitted previously," which "were meant to be included with this current brief all along," as well as "all other documents submitted prior, or during the lifespan of this matter" when deciding this motion. Br. at 1.[5] Accordingly, the evidence Plaintiff requests that the Court considers—the exhibits that it submitted previously and "all other documents submitted prior"—does not constitute "new evidence, not previously available." As such, Plaintiff fails to satisfy the second ground for granting a motion for reconsideration.

---

[4] *See generally* Br. (citing *Bd. of Trs. of the Univ. of Ala. v. Garret*, 531 U.S. 356 (2001); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62 (2000); *Van Engelen v. O'Leary*, 732 A.2d 549 (N.J. Super. App. Div. 1999); *Tice v. Cramer*, 627 A.2d 1090 (1993); *Zois v. N.J. Sports & Exposition Authority*, 670 A.2d 92 (N.J. Super. App. Div. 1996); *Hammond v. City of Paterson*, 368 A.2d 373 (N.J. Super. App. Div. 1976)).

[5] As articulated in the February 7, 2023 Opinion and Order, Plaintiff filed a letter on the docket with what purported to be "proposed exhibits" to a "forthcoming 'second response brief'" to the motion to dismiss. *See* D.E. 54 at 1 n.1 (citing D.E. 53). The Court made clear that such "proposed exhibits" would not be considered, as a second response brief was never filed nor did Plaintiff request leave to submit additional briefing. *Id.* Plaintiff again urges the Court to consider its exhibits, on the ground that the Court should have construed his prior letter, D.E. 53, as a request for leave to file a second response brief and accompanying exhibits, as well as a request for an extension of time. But Plaintiff made no such request, and the Court had already made clear (after granting numerous extension requests, totaling nearly two months) that "[n]o further extension will be permitted." D.E. 45; *see also* D.E. 36.

Lastly, the Court considers whether Plaintiff establishes the third basis for granting a motion for reconsideration: that the Court committed a clear error of law. A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *Hammell v. Air & Liquid Sys. Corp.*, No. 14-13, 2021 WL 1401521, at *2 (D.N.J. Apr. 14, 2021) (internal quotation marks and citations omitted). Plaintiff argues that Defendants should not be afforded the protections of the Eleventh Amendment because the alleged actions were not taken in their official capacities as NJDOL employees.[6] *See* Br. at 15. But a motion for reconsideration is not an opportunity for Plaintiff to take a "second-bite" at its sovereign immunity arguments. *See Callas v. Callas*, No. 14-7486, 2018 WL 619701, at *1 (D.N.J. Jan. 25, 2018) (citations omitted) ("[A] motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion."). And the record supports the Court's finding that in deeming Plaintiff ineligible for unemployment benefits, Defendants were acting in their official capacities as NJDOL employees, and thus, are entitled to sovereign immunity. *See* D.E. 54 at 5-7. Indeed, as noted in the Opinion and Order, "the Complaint itself acknowledged that the allegations stem from acts committed by Defendants 'while acting under and protected by their respective titles as officials of the NJ Department of Labor.'" *Id.* at 6 (citing Compl. at 7 III.b.). As such, the Court does not find that there was a clear error of law.

For the foregoing reasons, and for good cause shown,

---

[6] Plaintiff adds, in its motion for reconsideration, that such protections also do not apply because Defendants engaged in "willful misconduct." *See* Br. at 11, 15-16, 18-19. While Plaintiff did not directly raise "willful misconduct" arguments in its opposition to the motion to dismiss, *see* D.E. 48, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Edison*, 2021 WL 1997386, at *4 (citing *Exxon Shipping Co.*, 554 U.S. at 485 n.5).

**IT IS** on this 4th day of April, 2023,

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 59, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall deliver a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.